## City of Farmington v. Mattie Wallace.

1. INSTRUCTION—*when estoppel to complain arises.* A party cannot complain of the submission to the jury of a particular issue where by his own instructions tendered he has requested the court to submit such issue to the jury.

2. INSTRUCTION—*when giving of, containing abstract proposition of law, will not reverse.* The giving of an instruction containing an abstract proposition of law, not concretely applied to the case, will not reverse in the absence of a showing of prejudice resulting.

3. SIDEWALK—*duty of municipality with respect to.* A municipality is bound to know that a particular walk within its territorial limits is constructed of lumber and that the material of which it is constructed is likely to become decayed, and, having such knowledge, it is burdened with the duty of exercising reasonable care by inspection to see that the sidewalk is in a reasonably safe condition for travel.

Action in case for personal injuries. Appeal from the Circuit Court of Fulton county; the Hon. R. J. GRIER, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

A. A. LUCKEY and MASTERS & MASTERS, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee against appellant to recover damages for a personal injury resulting from a fall on an alleged defective sidewalk. There was a verdict and judgment in the court below against appellant for $1,000. In answer to three special interrogatories propounded by appellant the jury found that the sidewalk in question was out of repair at the time of the alleged accident; that it had been so out of repair for three months prior to the accident and that appellant had constructive notice of the defective condition of the walk.

On the afternoon of November 22, 1903, appellee, accompanied by her sister, was walking on a board sidewalk on the south side of East Fort street near its intersection with Poplar street in the city of Farmington, when she was tripped by a loose board, upon one end of which her sister, who was slightly in advance, had stepped, causing it to rise up. Appellee fell upon the walk and sustained a fracture of the wrist of her right hand, resulting in ankylosis of the wrist and fingers.

The evidence bearing upon the issues of fact involved, while conflicting, amply sustains the verdict of the jury.

The only questions of law involved to which our attention is directed relate to the action of the trial court in giving and refusing certain instructions.

There is no merit in appellant's criticisms on the second instruction given at the instance of appellee. While there is no evidence tending to show actual notice to appellant of the defective condition of the sidewalk, appellant is not in a position to complain of the submission of that question to the jury, because by the

fourth instruction given at its request, it tendered the same issue to the jury. The instruction does not assume that appellee was in the exercise of due care and caution for her own safety, but expressly requires proof of that as of other facts necessary to entitle appellee to recover. The instruction requires appellee to show that she was "in the exercise of that degree of care and caution which might reasonably be expected from an ordinarily prudent and cautious person under the *circumstances surrounding her* at the time," and this by necessary implication, if not by express reference, includes actual knowledge by appellee of the defective condition of the walk, as an element to be considered in determining whether or not she was in the exercise of due care and caution for her own safety. The fourth instruction given at the instance of appellant is even less specific in that particular, and only requires proof that appellee "at the time was in the exercise of ordinary care and caution."

The third instruction offered by appellee and given by the court, when taken in connection with all of the instructions given, could not have misled the jury, and is not objectionable as limiting the exercise of due care by appellee to the exact time of the injury.

The fourth instruction given at the request of appellee, is as follows:

"The jury are instructed that it is the duty of the defendant city, to exercise reasonable care in inspecting its sidewalks in order that the same may be kept in a reasonably safe condition for use, and in determining from the evidence, whether the defendant exercised reasonable care and diligence to keep the sidewalk in controversy at the point where the alleged injury to the plaintiff was received, in a reasonably safe condition for use, the jury have the right to take into consideration, if the same is disclosed by the evidence, the material of which the sidewalk was constructed, the manner of construction of said sidewalk with reference to decay, and the probable need of re-

pair thereto, if any such is shown by the evidence, and if, after considering all the evidence in the case, the jury believe from a preponderance thereof, that the defendant city failed to exercise reasonable care and caution in keeping said sidewalk in a reasonably safe condition for use, and that the defendant knew, or by the exercise of reasonable diligence, it might have known, that said sidewalk was out of repair and in an unsafe condition, and that the plaintiff, while passing along the same, and while she was in the exercise of due care and caution for her own safety, as explained in these instructions, tripped and fell on said sidewalk, as alleged in her declaration, and was injured, then the jury would be authorized in finding the defendant guilty, and in assessing the damages of the plaintiff at such sum as from all the evidence will compensate her for the injuries which she has received by means thereof.''

It is urged against this instruction that it is argumentative, and that it singles out and gives undue prominence to particular portions of the evidence. While the instruction is not a model and should have been refused, we are unable to say, in view of the evidence in the record, that it operated to the prejudice of appellant. There was evidence strongly tending to show that for several months prior to the accident the boards of which the sidewalk was constructed were loose and that the stringers were decayed, and that these conditions were open and obvious. Appellant was bound to know that the walk was constructed of lumber and that the material of which it was constructed was liable to become decayed, and having such knowledge it was burdened with the duty of exercising reasonable care by inspection to see that the sidewalk was in a reasonably safe condition for travel. As was said in City of Rock Island v. Starkey, 189 Ill. 515: ''In determining the question of the care of the city in inspecting the sidewalk and keeping it in reasonably safe condition, the jury might properly consider the material of which it was constructed and

the manner of construction with reference to decay and probable need of repairs."

The fifth instruction given at the instance of appellee states a mere abstract proposition of law, and for that reason might better have been refused, but we are not disposed to hold in this case, that the giving of the instruction constituted reversible error.

Appellant tendered to the court thirty-one instructions, of which the court gave fourteen and refused seventeen.  There is nothing in the case demanding the preparation and submission to a trial court of such a large number of instructions.  The questions of law involved are simple and well settled and might well have been presented to the jury in six instructions.  The instructions given by the court on behalf of appellant embodied all the law of the case which it was entitled to have presented to the jury, and there was no error in the refusal of those not given.

The judgment stands for substantial justice and will be affirmed.

*Affirmed.*